⇔54661-019⇔
Hamza Bendelladj
#64661-019
Federal Correctional Institution
P.O BOX 9000
Safford, AZ 85548
United States

7020 3160 0001 6174 9737
7020 3160 0001 6174 9737

U.S. POSTAL SERVICE
CERTIFIED MAIL RECEIPT

HAMZA BENDELLADJ   USNSF
                   64661-019
Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
[ ] Return Receipt (hardcopy)    $
[ ] Return Receipt (electronic)  $         Postmark
[ ] Certified Mail Restricted Delivery $   Here
[ ] Adult Signature Required     $
[ ] Adult Signature Restricted Delivery $

Postage

Total Postage and Fees

Sent To  Federal Bureau of Prisons
Street and Apt No  320 First St., N.W.,
City State ZIP+4  Washington, DC 20534

⇔64661-019⇔
Bureau Of Prisons
320 1ST ST NW
Washington, DC 20534
United States

*EXHIBIT #1 - Administrative Exhaustion*

Department of Justice     ⟨w/⟩     Central Office Administrative Remedy Appeal

Federal Bureau of Prisons    3-1-23 250

or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **BENDELLADJ, HAMZA**    USMS # **64661-019**    **OCOTILLO-B**    **FCI SAFFORD**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**   This is an appeal to the failure of the Western Regional Director's Office to respond to my Regional Appeal. (See Attached hereto) More than 30 days has elapsed and the Regional Director has not in any way responded. Therefore, as to the imminence of this matter and the material aspects that affect my current confinement and sentence, I make this presentment of last course to this Agency in good faith. This as to the fact that, initially, I was deemed to be " eligible " by the FBOP for First Step Act Time Credits under 18 U.S.C. § 3632(d)(4)(A), however, I was precluded as to an erroneous allegation that I had an " Immigration detainer. " (see id.) As I did not in fact have a " final order of deportation " I was not precluded from application of these FTC's and I appealed. (id. Attached hereto) In the Warden's Response, it did in fact admit that I was in fact " eligible, " however continued to state that I was ineligible to apply these FTC's because of the deporation status. As this was erroneous I appealed to the WRO. In the mean time, the Unit Team's Case manager discovered yet another issue and deemed I was " ineligible to receive and apply the FTC's, " for my subsequent conviction for Contraband in the FBOP under 18 U.S.C. §§ 1791 et seq. See Sentence Computation sheet. (attached hereto). However, as to the aggregation statute cannot apply, for the " administrative purposes " of such are disapated as I only received a 3 month sentence for such and not a full year to account the GCT time that the statute is designed to address. See 18 U.S.C. § 3584(c). Furthermore, this statute is in conflict with the FSA's specific language under 18 U.S.C. § 3632(d)(4)(xxix) and thus, I am eligible and these FTC's must apply immediately for if so, I would be released, nevertheless, I am presented 42 U.S.C. § 1997e(a).

SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE                  GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

Bureau of Prisons 01-11-1521-F1

or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted this appeal.

From: BENDELLADJ, HAMZA    USMS # 64661-019    OCOTILLO-B    FCI SAFFORD
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** This is an appeal to the denial of a request for Administrative Remedy that was/is an appeal to the erroneous decision withholding the Time Credits that are available to federal prisoners under the Congressionally enacted First Step Act's Time Credit incentive for the successful [participation] or completion of Evidence-based recidivism reduction programing under 18 U.S.C. §§ 3632(a), (d)(4)(A), (d)(4)(C), and 3624(g). This for the fact that there is " Inaccurate Information in the ' Inmate Central File '" refusing to apply these FTC's for there being " A fomal Immigration detainer ' lodged against me.'" (See Attached hereto, Administrative Remedy Response) This in the face of the fact that I am otherwise " eligible " under the FSA. However, and most pertinent, I do not in fact have a " formal detainer, " and even if I did, I am currently not the subject of a " final order of deportation " as the law suggests. See § 3632(d)(4)(E). In any event, I do not seek the application of " ... prerelease custody credits, " I seek the application to " Supervised release ..." that of which I will be placed in one time or another upon release and completion of this custodial portion of the sentence. Nonetheless, other jurists of reason have called for this measure in other instances and I request that this FBOP issue an order for the application of such. See Jones V. Engleman, No. 2:22-cv-05292-MCS (GJS), 2022 U.S. Dist. LEXIS 185635, at * 28-38 (C.D.Cal. Spet. 7, 2022), and Moody V. Gubbiotti, CIV No. 21-120004, 2022 U.S. Dist. LEXIS 181399, * 20-23 (D.N.J. Oct. 3, 2022), failure to do so is an " arbitrary agency decision warranting review " 5 U.S.C. § 706(2)(A)

DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**



DATE           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

---

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

BENDELLADJ, Hamza
Reg. No. 64661-019
Administrative Remedy Number: 1147521-F1

## Part B - Response

This is in response to your Request for Administrative Remedy, dated January 10, 2023, and received on January 11, 2023, wherein you are requesting the application of the congressionally enacted First Step Act Time Credits (FTC). You state you are eligible to earn FTCs and they should be applied towards your projected release.

A review of this matter revealed Immigration and Customs Enforcement lodged a formal detainer on April 5, 2021. In accordance with Program Statement 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), page 13, "While inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved. An inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of FTCs." You are currently eligible to earn FTCs, however, due to the detainer lodged by the Immigrations and Customs Enforcement, these FTC credits will not be applied unless the detainer is resolved.

For further information regarding your detainer, you may contact Immigration and Customs Enforcement.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response, you may appeal to the Bureau of Prisons, Western Regional Office, 7338 Shoreline Drive, Stockton, CA 95219. Your appeal must be received in that office within 20 days from the date of this response.

_____        1/20/2023
A. Dulgov, Warden                       Date

**U.S. DEPARTMENT OF JUSTICE**                                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __BENDELLADJ, HAMZA__  __64661-019__  __Ocotillo-02/__  __Safford, FCI__
  LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A- INMATE REQUEST**  I am FTC elegible. I was sentenced under a bank and wire fraud conspiracy. On 12-17-2019; the BOP administration placed a FSA INELIG AUT. on my file. This modification was made through the Automated System, said changes suppossed to check and calculate a prisoner elegibility back then. On 03-26-22; my status went from INELEGIBLE to ELEGIBLE. The problem that I am currently facing is that the Administration forgot to remove the INELEGIBILITY status from my docket sheet which is clearly affecting my current FSA time credit calculation. My charges are on the FSA elegible section. It is crucial to mention that I DO NOT have a final order of removal. My GTC release date is 05-26-24. However, once the FSA time credits are applied to my file, my release date would change drastically to 05-26-23. A magistrate Judge held two weeks ago that the BOP could not exclude prisoners with immmigration detainers from using their FTC and CANNOT categorically make prisoners inelegible for such credits in a manner that contravenes the statutory scheme set fort in 18 USC 3632. See Sierra V. Jacquez, Case No. 2:22-cv-01509, 2022 USDist LEXIS 234525 (WDWash, Dec 27, 2022). I am kindly asking this administration to please review and correct the aforementioned error and not only recalculate but also apply my earned time credit towards my early release date. I want to thank You for your time and effort in this matter.

ATTACHMENT: BP-8 (Administrative Remedy Procedures for Inmates).

__January 10, 2023__                                            _____
  DATE                                                              SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
JAN 11 2023
WARDENS OFFICE

_____                          _____
  DATE                                               WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                           CASE NUMBER: 1147521-F1

                                                     CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
  LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____                          _____
  DATE                                               RECIPIENT'S SIGNATURE (STAFF MEMBER)            BP-229(13)

FEDERAL CORRECTIONAL INSTITUTION
SAFFORD, ARIZONA
ATTEMPT AT INFORMAL RESOLUTION
(Request for Administrative Remedy)

Bureau of Prisons' Operations Memorandum 252-79 (1330), "Administrative Remedy Procedures for Inmates" requires that "before an inmate seeks formal review of a complaint (with a BP-9) he must try to resolve the complaint informally by presenting it to a staff member." The staff member also "must try to resolve it" informally before the inmate will be given the BP-9 Form.

A. Write in this space, briefly, your complaint. Include all details and facts which support your request.

I am eligible for The FSA Time Credits but The System had me ineligible in 2019 which caused the calculation to start from 2022. The System Automatically Took me off which resulted in wrong calculation.

B. What action do you wish to be taken to correct the situation?

Please Re Adjust my eligibility date to 2019 & Award me my FSA Time. Thank you.

C. What have you done to informally resolve the matter? Who have you talked to?

Inmate's Name & Signature: BENDELLADJ HAMZA
Reg. Number: 64661-019
Unit/Dorm: OCT-B
Date: 12-07-22

D. The unit staff member who has attempted to resolve the matter informally will indicate below the efforts he/she has made. Be specific, but brief and provide to inmate.

FSA time credits will be applied in accordance with law and policy - FSA Talking points were posted on TRULINCS regarding FSA. You may speak to your case manager during open house.

Staff Member's Name and Signature: Dolsen Cook
Title: Case Manager
Date: 12-12-2022

Unit Manager's Name and Signature: [signature]
Title: [signature]
Date: 12-12-22



**Individualized Needs Plan - Initial Classification   (Inmate Copy)**   SEQUENCE: 01935792
Dept. of Justice / Federal Bureau of Prisons   Team Date: 12-19-2022
Plan is for inmate: BENDELLADJ, HAMZA   64661-019

| | | | |
|---|---|---|---|
| Facility: | SAF SAFFORD FCI | Proj. Rel. Date: | 05-26-2024 |
| Name: | BENDELLADJ, HAMZA | Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| Register No.: | 64661-019 | DNA Status: | ATL10788 / 02-07-2015 |
| Age: | 34 | | |
| Date of Birth: | 06-03-1988 | | |

## Detainers

| Detaining Agency | Remarks |
|---|---|
| ICE | POSSIBLE DEPORTATION OR REMOVAL A205 787 683 |

## Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| SAF | A & O | ADMISSION & ORIENTATION | 11-21-2022 |

## Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| SAF | ESL HAS | ENGLISH PROFICIENT | 02-15-2019 |
| SAF | GED EARNED | GED EARNED IN BOP | 09-12-2017 |

## Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| MCA | C | MASONRY CORE 1-PD/0755-0945 | 04-05-2022 | 06-24-2022 |
| FOR | C | GED, 12-2P M-F ANDERSON | 03-15-2017 | 09-12-2017 |
| FOR | W | GED 7:30-9A M-F WALTON | 11-01-2016 | 03-15-2017 |
| FOR | C | RPP ORIENT RELRQMTS A&O CORE5 | 07-29-2016 | 07-29-2016 |

## Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS **

## Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 04-05-2017 |
| CARE1-MH | CARE1-MENTAL HEALTH | 07-12-2016 |

## Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 11-21-2022 |
| HSD1 | HSD REVIEW STATUS GROUP | 01-08-2024 |
| PAPER | LEGACY PAPER MEDICAL RECORD | 12-10-2020 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 01-08-2021 |
| YES F/S | CLEARED FOR FOOD SERVICE | 01-08-2021 |

## Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED COMP | DRUG EDUCATION COMPLETE | 02-03-2020 |

## FRP Payment Plan

| Most Recent Payment Plan |
|---|

**FRP Assignment:** COMPLT   FINANC RESP-COMPLETED   **Start:** 04-21-2021

**Inmate Decision:** AGREED   $25.00   **Frequency:** QUARTERLY
**Payments past 6 months:** $0.00   **Obligation Balance:** $0.00

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $2,300.00 | $1,308.70 | IMMEDIATE | EXPIRED |
| | | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | |
| 2 | ASSMT | $25.00 | $0.00 | IMMEDIATE | COMPLETEDZ |
| | | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | |

 **Individualized Needs Plan - Initial Classification   (Inmate Copy)**   SEQUENCE: 01935792
Dept. of Justice / Federal Bureau of Prisons                                    Team Date: 12-19-2022
Plan is for inmate: BENDELLADJ, HAMZA  64661-019

## FRP Deposits

Trust Fund Deposits - Past 6 months:  $ N/A          Payments commensurate ?   N/A

New Payment Plan:   ** No data **

## Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 03-26-2022 |
| INELIG AUT | FTC-INELIGIBLE OFF CODE - AUTO | 12-17-2019 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 12-05-2022 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 12-05-2022 |
| N-COGNTV Y | NEED - COGNITIONS YES | 12-05-2022 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 06-30-2021 |
| N-EDUC N | NEED - EDUCATION NO | 12-05-2022 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 12-05-2022 |
| N-FM/PAR Y | NEED - FAMILY/PARENTING YES | 12-05-2022 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 12-05-2022 |
| N-MEDICL N | NEED - MEDICAL NO | 12-05-2022 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 12-05-2022 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 12-05-2022 |
| N-TRAUMA Y | NEED - TRAUMA YES | 12-05-2022 |
| N-WORK N | NEED - WORK NO | 12-05-2022 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 12-05-2022 |

## Progress since last review

Initial team.

## Next Program Review Goals

Complete walking class and money smart.

## Long Term Goals

Save $100 and have ID mailed in.

## RRC/HC Placement

No.
Criminal alien releasing to custody of ICE.
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources : see below
- Offense : see below
- Prisoner : see below
- Court Statement : see below
- Sentencing Commission : see below

Possible deportation to country of origin

## Comments

ITT: (AL) Ineligible

Next Program Review: 03-11-2023
Next Custody Due: 12-27-2022

Possible B.I.C.E. Detainer w/AL
Priors: See PSR

Work Evaluations: Feb-Jun.: Satisfactory
Cell Sanitation: Good

Family Contact: Phone

Reviewed: Acct. Statement, Visitation List (18+ must have approved form on file), FSA /FTC Form, Male Pattern Risk Form, Offered Sexual Abuse Handbook.

Risk Pattern - Low
FTC- Eligible

Case 4:23-cv-00255-CKJ-LCK   Document 2-1   Filed 06/05/23   Page 9 of 19
Case 1:11-cr-00557-AT-AJB   Document 192   Filed 04/25/16   Page 1 of 5
Case: 16-12133   Date Filed: 03/09/2017   Page: 46 of 51

Page 1 of 5

*EXHIBIT #2*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 1:11-cr-0557-AT-2** |
| -vs- | |
| Hamza Bendelladj | **Defendant's Attorneys:** <br> **Jay Strongwater & Emily Strongwater** |

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1-23 of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC §§ 1343, 1344, and 1349 | Conspiracy to Commit Wire and Bank Fraud | 1 |
| 18 USC §§ 1343 and 2 | Wire Fraud | 2-11 |
| 18 USC §§ 1030(a)(2)(C) 1030(a)(4), 1030(a)(5)(A), 1030(c)(2)(B)(i), 1030(c)(3)(A), 1030(c)(4)(B), and 371 | Conspiracy to Commit Computer Fraud and Abuse | 12 |
| 18 USC §§ 1030(a)(5)(A), 1030(c)(4)(B) and 2 | Computer Fraud and Abuse | 13 |
| 18 USC §§ 1030(a)(2)(C) 1030(c)(2)(B)(i) and 2 | Computer Fraud and Abuse | 14-23 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$2300** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.     N/A               Date of Imposition of Sentence: April 20, 2016
Defendant's Date of Birth:     1988
Defendant's Mailing Address:   Robert A. Deyton Detention Facility
                               11866 Hastings Bridge Rd.
                               Lovejoy, GA 30250

Signed this the 25th day of April, 2016.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

Case 4:23-cv-00255-CKJ-LGK   Document 2-1   Filed 06/05/23   Page 10 of 19
Case 1:11-cr-00557-AT-AJB   Document 192   Filed 04/25/16   Page 2 of 5
Case: 16-12133   Date Filed: 03/09/2017   Page: 47 of 51

1:11-cr-0557-AT-2: Hamza Bendelladj

Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **180 MONTHS ON EACH OF COUNTS ONE THROUGH ELEVEN, 60 MONTHS ON EACH OF COUNTS TWELVE AND FOURTEEN THROUGH TWENTY-THREE, AND 120 MONTHS AS TO COUNT THIRTEEN, TO BE SERVED CONCURRENTLY FOR A TOTAL TERM OF IMPRISONMENT OF 180 MONTHS, with credit to be given by the Bureau of Prisons for all time served since May 2, 2013.**

The Court recommends that the defendant be incarcerated at FCI Jesup or in a facility located as close to Atlanta, GA as possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

Case 4:23-cv-00255-CKJ-LGK   Document 2-1   Filed 06/05/23   Page 11 of 19
Case 1:11-cr-00557-AT-AJB   Document 192   Filed 04/25/16   Page 3 of 5
Case: 16-12133   Date Filed: 03/09/2017   Page: 48 of 51

1:11-cr-0557-AT-2: Hamza Bendelladj                                                           Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years on Count One and a term of 3 years on each of Counts Two through Twenty-three, to be served concurrently for a total term of supervised release of 5 years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 USC § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## SPECIAL CONDITIONS

Upon completion of the term of imprisonment and release from the custody of the Bureau of Prison, the defendant is to be turned over to a duly-authorized immigration official for appropriate removal proceedings from the United States, pursuant to 18 U.S.C. § 3583(d) in accordance with the Immigration and Nationality Act. The defendant shall not reenter the United States unless he applies and receives permission from the Secretary of Homeland Security to legally enter the United States.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

Pursuant to 42 U.S.C. § 14135a(d)(1) and 10 U.S.C. § 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of his person, property (real, personal or rental), residence, office, and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Case 4:23-cv-00255-CKJ-LGK Document 2-1 Filed 06/05/23 Page 12 of 19
Case 1:11-cr-00557-AT-AJB Document 192 Filed 04/25/16 Page 4 of 5
Case: 16-12133 Date Filed: 03/09/2017 Page: 49 of 51

1:11-cr-0557-AT-2: Hamza Bendelladj

Page 4 of 5

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 4:23-cv-00255-CKJ-LCK Document 2-1 Filed 06/05/23 Page 13 of 19
Case 1:11-cr-00557-AT-AJB Document 192 Filed 04/25/16 Page 5 of 5
Case: 16-12133    Date Filed: 03/09/2017    Page: 50 of 51

1:11-cr-0557-AT-2: Hamza Bendelladj

Page 5 of 5

## FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 1

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 25 2019
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT
Eastern District of Arkansas

*EXHIBIT #3*

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| HAMZA BENDELLADJ | ) | Case Number: 4:18-CR- 544-BD-1 |
| | ) | USM Number: 64661-019 |
| | ) | Nicole Lybrand |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Misdemeanor Information, a Class A Misdemeanor

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1791(a)(2) | Possession of a prohibited object by a prison inmate | 2/18/2018 | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/22/2019
Date of Imposition of Judgment

*/s/ Signature*
Signature of Judge

Beth Deere, U.S. Magistrate Judge
Name and Title of Judge

1.25.19
Date

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __4__

DEFENDANT: HAMZA BENDELLADJ
CASE NUMBER: 4:18-CR- 544-BD-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**3 month(s) to run consecutive to the sentence being served. Upon completion there will not be a period of supervised release imposed.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                                    UNITED STATES MARSHAL

                           By _____
                                        DEPUTY UNITED STATES MARSHAL

Case 4:23-cv-00255-CKJ-LCK Document 2-1 Filed 06/05/23 Page 16 of 19
Case 4:18-cr-00544-BD Document 52 Filed 01/25/19 Page 3 of 4

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 3 of 4

DEFENDANT: HAMZA BENDELLADJ
CASE NUMBER: 4:18-CR- 544-BD-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | JVTA Assessment* | Fine    | Restitution |
|--------|------------|------------------|---------|-------------|
| TOTALS | $ 25.00    | $ 0.00           | $ 0.00  | $ 0.00      |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---------------|--------------|---------------------|------------------------|
| TOTALS        | $ 0.00       | $ 0.00              |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __4__ of __4__

DEFENDANT: HAMZA BENDELLADJ
CASE NUMBER: 4:18-CR- 544-BD-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __25.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

EXHIBIT #4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | CRIMINAL ACTION NO. |
| v. : | 1:11-cr-0557-AT-2 |
| : | |
| HAMZA BENDELLADJ, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER – JUDGMENT AND COMMITMENT

On February 4, 2020, the Court granted Defendant Bendelladj's motion to vacate his sentence pursuant to 29 U.S.C. § 2255 [Doc. 231] and directed the parties to confer whether a re-sentencing hearing would be necessary and alternatively, to come to an agreement on a sentence reduction via the removal of the months added to the sentence associated with the aggravating factors under § 2B1.1(b)(4). This matter is now before this Court on the joint recommendation of the parties for a sentence reduction [Doc. 253].

After consideration of the submitted joint recommendation and agreement of the parties that a re-sentencing hearing is not necessary, it is **ORDERED AND ADJUDGED** that defendant's custodial sentence of one hundred eighty

(180) months is **REDUCED** to **ONE HUNDRED FORTY-THREE (143) MONTHS**.

The Judgment and Commitment [Doc. 192] entered on April 25, 206, is hereby **AMENDED** on page 2 as follows:

The defendant is hereby committed to the custody of the United States Bureau of Prisons, to be imprisoned for a total term of **ONE HUNDRED FORTY-THREE (143) MONTHS**, with credit to be given by the Bureau of Prisons for all time served since May 2, 2013.

Except as amended herein, the Judgment and Commitment shall remain the same in every other aspect.

It is **ORDERED** that the Clerk serve a copy of this judgment and order upon Defendant, the United States Attorney, the Bureau of Prisons, and the United States Marshal.

It is so **ORDERED** this 24th day of March, 2020.

_____
AMY TOTENBERG
**UNITED STATES DISTRICT JUDGE**

2