**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hamza Bendelladj, | No. CV-23-00255-TUC-CKJ |
|       Petitioner, | **ORDER** |
| v. | |
| A. Dulgov, | |
|       Respondent. | |

On August 7, 2023, the Court reviewed Petitioner's *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1), directed the Clerk of the Court to serve it on Respondent, and called for an answer. The Court also referred the matter to Magistrate Judge Lynnette C. Kimmins pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation. (Order (Doc. 5) at 2-3.)

On August 30, 2023, Respondent answered the Petition. Petitioner filed a Reply. On June 27, 2024, the Magistrate Judge issued an Order explaining that the record reflected the Petitioner was no longer incarcerated at FCI-Safford, and Petitioner had failed to notify the Court of the change of address. The Court notified the Petitioner that the Local Rules of Civil Procedure for the United States District Court for the District of Arizona, LRCiv. 83.3(d), require an unrepresented incarcerated party to file a notice of an address change within seven days. The Magistrate Judge directed the Petitioner to show cause why this case should not be dismissed for the failure to comply with the directive to keep the Court

informed of any change in address. The Magistrate Judge gave Petitioner until July 26, 2024, to make the showing in writing and file a change of address. The Order was sent to Petitioner at both the address of record and to FCI Terminal Island, the facility where the Bureau of Prisons' inmate locator indicated Petitioner is currently housed. (Order (Doc. 11)), *see also* (Order (Doc. 5) at 2-3.)

The Show Cause Order was not returned to the Court as undeliverable from either facility. Petitioner did not comply with the directive to make a written showing of cause why the Petition should not be dismissed; he did not file a notice of change of address.

On August 27, 2024, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court should dismissing the case "because Petitioner's location is unknown, and he failed to comply with Court rules and a Court order." (Order (Doc. 12) at. 1.)

STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). Petitioner did not file an objection.

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")  To the extent that no objection has been made, arguments to the contrary have been waived.  *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Petitioner's failure to file an objection waives review. The Court, nevertheless, reviews *de novo*, the Magistrate Judge's conclusions of law.  *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).  The Magistrate Judge correctly lays out the record, which unequivocally reflects the following: 1) the Petitioner was located at FCI-Safford, Arizona when he filed the Petition; 2) as of June 27, 2024, the Bureau of Prisons' inmate locator indicated Petitioner was housed at Terminal Island FCI, and 3) Petitioner was sent the Order to Show Cause at both facilities and did not respond by objecting to dismissal or by filing a change of address.

On August 27, 2024, the R&R was sent to Petitioner at both facilities: FCI-Safford and FCI-Terminal Island. Both mailings were returned as "not deliverable." The Court agrees with the Magistrate Judge that the Petitioner has failed to notify the Court of a change in address, and Petitioner's location is unknown.

The Court notes that in the Reply, Petitioner reports a presumptive release date of May 26, 2024, (Reply (Doc. 10) at 7 and that he will be deported, *id.,* at 6. The Bureau of

Prisons' inmate locator indicates that Petitioner was released from custody as of August 16, 2024. This may explain Petitioner's failure to object to the R&R. Also, Petitioner's release from custody renders the habeas Petition moot. Petitioner challenges the constitutionality of aggregating his sentences because a minor three-month sentence for possessing contraband in prison makes him ineligible to seek early release under the First Step Act of 2018 (FSA) from 143-months of incarceration for various bank and wire fraud convictions. "Absent collateral consequences of the conviction, which are not alleged here, a 'habeas petition does not continue to present a live controversy once the petitioner is released from custody.'" *Woods v. Warden*, No. 2:23-CV-2430-DMC, 2024 WL 3011363, at *1 (E.D. Cal. June 13, 2024), report and recommendation adopted, No. 2:23-CV-2430-DJC-DMC-P, 2024 WL 3619433 (E.D. Cal. Aug. 1, 2024) (quoting *Kelley v. Brewer*, 2023 WL 2992823, at *3 (E.D. Cal. Apr. 18, 2023) ("there is nothing capable of being redressed by a favorable judicial decision because the BOP has already released [the petitioner]")). *See also*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (stating that "[o]nce the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained."). The Court finds the Petition fails on the merits.

The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact.  *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court dismisses this case because Petitioner failed to notify the Court of the address change.

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation (Doc. 12) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition is dismissed because Plaintiff failed to comply with directives to notify the Court of an address change, failed to show cause why the Petition should not be dismissed, and the Court has no way of communicating with the Petitioner.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff proceeding here *in forma pauperis* under 28 U.S.C. § 2241, in the event the Plaintiff files an appeal, the Court finds the appeal is not taken in good faith because an appeal would be frivolous as there is no substantial argument to be made contrary to this Court's determination recorded here. 28 U.S.C. 1915(a)(3) and FRAP 24(a); *Cruz v. Hauck*, 404 U.S. 59, 62 (1971).

Dated this 19th day of October, 2024.

Honorable Cindy K. Jorgenson
United States District Judge

- 5 -